Anthony J. Ramirez (Bar No. 033119)
aramirez@warnocklaw.com
WARNOCK MACKINLAY LAW
7135 E Camelback Road, Suite F-240
Scottsdale, AZ 85251
Phone: 602-595-2545

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Patricia Lopez as Personal Representative for the ESTATE OF ANTHONY LOPEZ; and PATRICIA LOPEZ and CAESAR LOPEZ, surviving parents of ANTHONY LOPEZ, deceased,

                    Plaintiffs,

          vs.

CITY OF MESA; HEATH CARROLL; and DOES 1-10, inclusive,

                    Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Fourteenth Amendment- Interference with Familial Relations (42 U.S.C. § 1983)
5. Municipal Liability—Ratification (42 U.S.C. § 1983)
6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (wrongful death)
10. Negligence (wrongful death)

**DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs Patricia Lopez as Personal Representative for the ESTATE OF ANTHONY LOPEZ, along with PATRICIA LOPEZ and CAESAR LOPEZ, surviving parents of ANTHONY LOPEZ, deceased, for their Complaint against Defendants City of Mesa, City of Mesa Police Department Officer Heath Carroll and Does 1-10, inclusive, and allege as follows:

## **INTRODUCTION AND NATURE OF THE CASE**

This action arises from the unjustified fatal shooting of Anthony Lopez ("DECEDENT") by City of Mesa Police Officer Heath Carroll ("CARROLL").  This is a civil action brought pursuant to Sections 12-611 and 12-612 of the Arizona Revised Statues, which is commonly referred to as the State of Arizona's Wrongful Death Statutes, as well as the common law torts of false arrest/false imprisonment, battery, negligence, and liability premised on the doctrine of respondeat superior (vicarious liability).  This civil action is also brought pursuant to Section 14-3110 of the Arizona Revised Statues, which is commonly referred to as the State of Arizona's Survival Statute.  This action is also brought pursuant to 42 U.S.C. §§ 1981 and 1983 to redress the deprivation under the color of law of DECEDENT's rights as secured by the United States Constitution. Without any warning or legal justification, CARROLL shot and killed DECEDENT on July 21, 2018. DECEDENT was unarmed at the time of the shooting.  CARROLL's willful, excessive, and unreasonable force resulted in DECEDENT sustaining fatal gunshot wounds and other injuries, which are the causes of his premature death. CARROLL was employed by the

City of Mesa, Arizona ("CITY") at the time that he shot DECEDENT and otherwise used force against him. DOES 1-10 were also employed by the CITY at all relevant times.

Acting under the color of law and in the course and scope of his duties CARROLL deprived DECEDENT of his well-established civil rights protected by both the United States Constitution and the state of Arizona Constitution.  Plaintiffs, who are PATRICIA LOPEZ as the surviving mother of DECEDENT, CAESAR LOPEZ as the surviving father of DECEDENT, and Patricia Lopez as the personal representative of Anthony Lopez' Estate, seek compensatory and punitive damages, in addition to any other relief this Honorable Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

1.      This Action arises under the Constitution and laws of the United States and therefore this Court has jurisdiction pursuant to Title 28, Sections 1331 of the United States Code and directly under the United States Constitution.

2.      The events and omissions giving rise to this Action occurred in this judicial district, and therefore venue is proper in this Court pursuant to Title 28, Section 1391(b) of the United States Code.

## JURY TRIAL DEMANDED

3.      Plaintiffs demand a trial by jury pursuant to Arizona Rule of Civil Procedure 38(b) on all issues so triable.

## PARTIES

4.      At all relevant times, Anthony Lopez ("DECEDENT") was an individual residing in the City of Mesa and the County of Maricopa, Arizona.

5.      Plaintiff PATRICIA LOPEZ is an individual residing in the City of Mesa, Arizona and is the natural mother of DECEDENT. Plaintiff PATRICIA LOPEZ is also the Personal Representative of the Estate of Anthony Lopez ("ESTATE") and a beneficiary of the ESTATE. PATRICIA LOPEZ sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as the Personal Representative of DECEDENT's ESTATE. Under Arizona Law, PATRICIA LOPEZ, individually, has standing to assert claims for the wrongful death of DECEDENT. Further, under Arizona Law, PATRICIA LOPEZ as Personal Representative of DECEDENT's ESTATE has standing to assert 42 U.S.C. § 1983 survival claims on behalf of DECEDENT.  PATRICIA LOPEZ thus seeks both survival and wrongful death damages under both federal and state law.

6.      Plaintiff CAESAR LOPEZ is an individual residing in the City of Mesa, Arizona and is the natural father of DECEDENT and a beneficiary of DECEDENT's ESTATE.  Under Arizona Law, CAESAR LOPEZ has standing to assert claims for the wrongful death of DECEDENT. Plaintiff CAESAR LOPEZ sues in his individual capacity as the natural father of DECEDENT and seeks wrongful death damages under both federal and state law.

7.      Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

8.      At all relevant times, Defendant CITY OF MESA ("CITY") is and was a municipal corporation existing under the laws of the State of Arizona.  CITY is a chartered subdivision of the State of Arizona with the capacity to be sued.  CITY is responsible for

the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Mesa Police Department and its agents and employees. CITY is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of Arizona. At all relevant times, CITY was the employer of Defendants CARROLL and DOES 1-10.

9.      Defendant CARROLL is a police officer employed by the City of Mesa Police Department. At all relevant times, CARROLL was acting under color of law and within the course and scope of his employment as a police officer for the City of Mesa Police Department. At all relevant times, CARROLL was acting with the complete authority and ratification of his principal, Defendant CITY. By the conduct, acts, and omissions complained of herein, Defendant CARROLL violated clearly established constitutional standards under the United States Constitution of which a reasonable police officer under the circumstances would have known.

10.      Defendants DOES 1-5 ("DOE OFFICERS") are police officers employed by the City of Mesa Police Department. At all relevant times, DOE OFFICERS were acting under color of law and within the course and scope of their employment as officers for the City of Mesa Police Department. At all relevant times, DOE OFFICERS were acting with

the complete authority and ratification of their principal, Defendant CITY.

11.     Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of CITY, who were acting under color of law and within the course and scope of their duties as managerial, supervisorial, and policymaking employees of CITY.  At all relevant times, DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     On information and belief, Defendants CARROLL and DOES 1-10 were residents of the City of Mesa.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants CARROLL and DOE OFFICERS were acting on the implied and actual permission and consent of Defendants CITY and DOES 6-10.

14.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

15.     The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who as a result sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

16.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

17.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.     Defendants CARROLL and DOES 1-10 are sued in their individual capacities.

## NOTICE OF CLAIM

19.     Plaintiffs timely filed a Notice of Claim with the City Clerk of the City of Mesa, the City of Mesa Police Department, and the City of Mesa Board of Supervisors, setting forth the facts underlying Plaintiffs' claim against Defendants CITY and its involved police officers, including but not limited to CARROLL, pursuant to A.R.S. § 12-821, et. seq., and Arizona Rule of Civil Procedure 4.1(1).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     On July 21, 2018, Defendant CARROLL and City of Mesa Police Officer Jena Thranum ("THRANUM") unlawfully detained and arrested DECEDENT.  Also on this date, CARROLL used excessive and unreasonable force against DECEDENT, including shooting DECEDENT. At approximately 3:00 a.m. on July 21, 2018, DECEDENT was driving a vehicle near the intersection of Dobson Road and Southern Avenue in the City of Mesa, Arizona, when Defendant CARROLL and THRANUM

1
2
3
4
5

conducted a traffic stop on DECEDENT's vehicle.  DECEDENT suffered from a seizure disorder, and on information and belief, DECEDENT had a seizure immediately prior to and/or during this incident. During the traffic stop, CARROLL shot DECEDENT multiple times without justification or cause.

6
7
8
9
10
11

22.     The shooting was excessive and unreasonable because the officers could step out of the path of DECEDENT's vehicle and because at the time of the shooting, DECEDENT was not armed and posed no immediate threat of death or serious bodily injury to any person.  Moreover, there were less-than-lethal alternatives to take DECEDENT into custody.

12
13
14
15

23.     As a result of the use of excessive force against him, DECEDENT endured severe pain and suffering and emotional distress, incurred medical expenses, and eventually lost his life and earning capacity.

16
17
18
19
20
21
22
23
24
25

24.     After the shooting, THRANUM held DECEDENT at gunpoint.  Also after shooting DECEDENT, CARROLL, THRANUM and DOE OFFICERS failed to timely summon medical attention for DECEDENT, and also failed to provide prompt medical aid to DECEDENT, thereby further contributing to his injuries and death. In fact, the officers handcuffed DECEDENT prior to any medical aid being rendered, even though DECEDENT had already been shot and injured.  The delay of medical care to DECEDENT caused DECEDENT and Plaintiffs extreme physical and emotional pain and suffering.

26
27
28

25.     At all relevant times, CARROLL and DOE OFFICERS were acting under color of state law and in the scope and course of their employment as police officers

COMPLAINT FOR DAMAGES

working for the CITY.

26.      Defendants CARROLL and DOE OFFICERS were negligent with respect to the unreasonable detention and arrest, the shooting, and the denial of medical care, including but not limited to using negligent pre-shooting tactics. The officers' misconduct was in part due to negligent training regarding the use of force by the CITY and DOES 6-10, with respect to the use of deadly force generally, and with respect to shooting at the occupants of motor vehicles specifically.

27.      On information and belief, the CITY failed to adequately train CARROLL and its other officers with respect to refraining from shooting at a vehicle or its occupant, and this failure to train was a cause of DECEDENT's and Plaintiffs' injuries.

28.      At all relevant times, CARROLL and DOE OFFICERS integrally participated and/or failed to intervene with respect to the unreasonable detention and arrest, the shooting, and the denial of medical care.

## CLAIMS FOR RELIEF

### COUNT I

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

**(By Patricia Lopez as Personal Representative for the ESTATE of Anthony Lopez against Defendants CARROLL and DOE OFFICERS)**

29.      Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.      Defendant CARROLL detained DECEDENT without reasonable suspicion

and arrested him without probable cause.

31.     When Defendant CARROLL detained DECEDENT, pointed a gun at him, and when CARROLL shot DECEDENT, CARROLL violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Not only was the detention itself unreasonable, but the scope and manner of the detention was unreasonable. DECEDENT was also handcuffed during the detention and arrest.

32.     The conduct of Defendant CARROLL was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant and CARROLL.

33.     As a result of their misconduct, Defendants DOE OFFICERS and CARROLL are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

34.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

//

//

COMPLAINT FOR DAMAGES

## COUNT II

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

**(By Patricia Lopez as Personal Representative for the Estate of Anthony Lopez against Defendants DOE OFFICERS and CARROLL)**

35.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36.     Defendant CARROLL used excessive force against DECEDENT when he shot DECEDENT multiple times and engaged in other undiscovered uses of force. Defendant CARROLL's unjustified uses of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     The uses of force were excessive and unreasonable because the officers could step out of the path of DECEDENT's vehicle and because DECEDENT was unarmed and posed no immediate threat of death or injury to any person at the time of the shooting and other uses of force.  Further, Defendant CARROLL's conduct violated his training and standard police officer training with regard to the use of deadly force generally and with regard to not shooting at vehicles and their occupants specifically.

38.     DOE OFFICERS and CARROLL integrally participated and/or failed to intervene in the shooting of DECEDENT.

39.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and

loss of earning capacity.

40.     The conduct of Defendant CARROLL was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant CARROLL on this claim.

41.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT III

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

**(By Patricia Lopez as Personal Representative for the Estate of Anthony Lopez against Defendants DOE OFFICERS and CARROLL)**

42.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     The denial of medical care by Defendants DOE OFFICERS and CARROLL after CARROLL shot DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

COMPLAINT FOR DAMAGES

45.     Defendants DOE OFFICERS and CARROLL knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

46.     The conduct of CARROLL was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant CARROLL on this claim.

47.     As a result of their misconduct, Defendants DOE OFFICERS and CARROLL are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

48.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

**COUNT IV**

**Substantive Due Process (42 U.S.C. § 1983)**

**(By PATRICIA LOPEZ and CAESAR LOPEZ, in each case individually, against Defendant CARROLL)**

49.     Plaintiffs repeat and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.     PATRICIA LOPEZ and CAESAR LOPEZ as the surviving parents of

COMPLAINT FOR DAMAGES

DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, DECEDENT.

51.     The aforementioned actions of Defendant CARROLL, including shooting DECEDENT and then denying him timely medical care, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

52.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  CARROLL thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

53.     Also as a direct and proximate cause of the acts of CARROLL, Plaintiffs suffered emotional distress, mental anguish, and pain, and have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

54.     The conduct of CARROLL was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to CARROLL on this claim.

55.     Plaintiffs PATRICIA LOPEZ and CAESAR LOPEZ bring this claim individually and seek wrongful death damages for Defendants' interference with their familial relationship with DECEDENT.  Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT V

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### (Patricia Lopez as Personal Representative for the Estate of Anthony Lopez against Defendants CITY and DOES 6-10)

56.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57.     Defendants DOE OFFICERS and CARROLL acted under color of law, including when they detained and arrested DECEDENT and when CARROLL shot DECEDENT, denied him medical attention, and otherwise used force against him.

58.     The acts of Defendants, in particular CARROLL, deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

59.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants CARROLL and DOE OFFICERS, ratified Defendants DOE OFFICERS' and CARROLL's acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' and CARROLL's acts.

60.     Upon information and belief, a final policymaker has determined (or will

-14-

determine) that the acts of Defendants DOE OFFICERS and CARROLL were "within policy."

61.     The aforementioned acts and omissions caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

62.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

63.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT VI

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

**(Patricia Lopez as Personal Representative for the Estate of Anthony Lopez against Defendants CITY and DOES 6-10)**

64.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.     Defendants DOE OFFICERS and CARROLL acted under color of law, including when they detained and arrested DECEDENT and when CARROLL shot DECEDENT, denied him medical attention, and otherwise used force against him.

66.     The acts of Defendants DOE OFFICERS and CARROLL deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

67.     The training policies of Defendant CITY were not adequate to train its

officers to handle the usual and recurring situations with which they must deal, including the CITY's failure to train its officers with respect to including with regard to the use of deadly force generally, and with respect to shooting at motor vehicles and their occupants specifically. On information and belief, CITY failed to train DOE OFFICERS and CARROLL properly and adequately.

68.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

69.     On information and belief, the CITY has deficient policies with respect to shooting at vehicles and their occupants. As a result of this deficient policy, CARROLL shot DECEDENT, resulting in the injuries claimed in this lawsuit.

70.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS and CARROLL; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

71.     The aforementioned acts and omissions caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

72.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

73.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT'S ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT VII

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Patricia Lopez as Personal Representative for the Estate of Anthony Lopez against**

**Defendants CITY and DOES 6-10)**

74.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     Defendants DOE OFFICERS and CARROLL acted under color of law, including when they detained and arrested DECEDENT and when CARROLL shot DECEDENT, denied him medical attention, and otherwise used force against him.

76.     Defendants DOE OFFICERS and CARROLL acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY. On information and belief, the CITY has deficient policies with respect to shooting at vehicles and their occupants. As a result of this deficient policy, CARROLL shot DECEDENT, resulting in the injuries claimed in this lawsuit.

77.     On information and belief, Defendants DOE OFFICERS and CARROLL were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

78.     Defendants, including the CITY and CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

COMPLAINT FOR DAMAGES

(b)    Providing inadequate training regarding the use of deadly force generally and the risks of shooting at vehicles and their occupants specifically;

(c)    Employing and retaining as police officers individuals such as Defendants DOE OFFICERS and CARROLL, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force and had lack of proper training and knowledge regarding the risks of shooting at vehicles and their occupants;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS and CARROLL, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including Defendants DOE OFFICERS and CARROLL;

(f)    Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS and CARROLL, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude

-18-

of the misconduct, and other inadequate discipline that is tantamount

to encouraging misconduct;

(g)     Announcing that unjustified uses of force are "within policy,"

including uses of force that were later determined in court to be

unconstitutional;

(h)     Even where uses of force are determined in court to be

unconstitutional, refusing to discipline, terminate, or retrain the

officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence,"

"blue shield," "blue wall," "blue curtain," "blue veil," or simply "code

of silence," pursuant to which police officers do not report other

officers' errors, misconduct, or crimes. Pursuant to this code of

silence, if questioned about an incident of misconduct involving

another officer, while following the code, the officer being questioned

will claim ignorance of the other officers' wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference

towards soaring numbers of incidents of excessive force by police

officers, including by failing to discipline, retrain, investigate,

terminate, and recommend officers for criminal prosecution who

participate in use of excessive force against unarmed people.

79.     The aforementioned acts and omissions caused DECEDENT's pain and

suffering, loss of enjoyment of life, and death.

80.     Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

81.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

82.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

83.     Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT VIII

### False Arrest/False Imprisonment (Wrongful Death)

### (By all Plaintiffs against Defendants CITY, DOE OFFICERS and CARROLL)

84.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     Defendants DOE OFFICERS and CARROLL, while working as officers for the City of Mesa Police Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress, including when they shot him and handcuffed him.  DOE OFFICERS and CARROLL detained DECEDENT without reasonable suspicion and arrested him without probable cause.

86.     DECEDENT did not knowingly or voluntarily consent.

87.     Defendants DOE OFFICERS and CARROLL detained DECEDENT for an appreciable amount of time, including when CARROLL shot him.

88.     The conduct of DOE OFFICERS and CARROLL was a substantial factor in causing the harm to DECEDENT.

89.     As a result of their misconduct, Defendants DOE OFFICERS and CARROLL are liable for DECEDENT's injuries, either because they were integral participants in the wrongful false arrest/false imprisonment, or because they failed to intervene to prevent these violations.

90.     Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been

deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

91.    The conduct of DOE OFFICERS and CARROLL was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages on this claim.

92.    Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and CARROLL. *See* A.R.S. § 12–2506(D).

93.    Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.

94.    PATRICIA LOPEZ and CAESAR LOPEZ also bring this claim individually and seek wrongful death damages on this claim for their loss of DECEDENT's love, companionship, comfort, society, guidance, and support. Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT IX

### BATTERY (Wrongful Death)

### (By all Plaintiffs against Defendants CITY, DOE OFFICERS and CARROLL)

95.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.    CARROLL, while working for the City of Mesa Police Department and

acting within the course and scope of his duties, intentionally shot DECEDENT multiple times and engaged in other undiscovered uses of force against DECEDENT.  The foregoing conduct constitutes unreasonable and excessive force against DECEDENT.

97.    CARROLL had no legal justification for using force against DECEDENT, and his use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

98.    DOE OFFICERS (in addition to CARROLL) integrally participated and/or failed to intervene in the use of force against DECEDENT.

99.    As a direct and proximate result of the conduct of CARROLL as alleged above, DECEDENT sustained injuries, died from his injuries and lost his earning capacity.

100.    Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

101.    The conduct of CARROLL was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to CARROLL on this claim.

102.    CITY is vicariously liable for the wrongful acts of Defendant DOE OFFICERS. *See* A.R.S. § 12–2506(D).

103.    Plaintiff Patricia Lopez brings this claim as Personal Representative for

DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.

104.    PATRICIA LOPEZ and CAESAR LOPEZ also bring this claim individually and seek wrongful death damages on this claim for their loss of DECEDENT's love, companionship, comfort, society, guidance, and support. Plaintiffs also seek attorney's fees and costs on this claim.

## COUNT X

### Negligence (Wrongful Death)

### (By all Plaintiffs against all Defendants)

105.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.    Police officers, including Defendants DOE OFFICERS and CARROLL, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal options, acting objectively reasonable when using deadly force, not shooting at vehicles and their occupants, and only using deadly force as a last resort.  Defendants breached this duty of care.

107.    Defendants DOE OFFICERS and CARROLL breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE OFFICERS and CARROLL were negligent and reckless, including but not limited to:

(a)     the negligent detention, arrest, and use of force against DECEDENT, including the negligent shooting of DECEDENT by CARROLL, particularly when DECEDENT occupied a vehicle;

(b)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(c)     the negligent tactics and handling of the situation with DECEDENT, including negligent failure to employ proper tactics prior to using force against DECEDENT and the negligent failure to follow basic police training against shooting and vehicles and their occupants;

(e)     the failure to provide prompt medical care to DECEDENT;

(f)     the failure to properly train and supervise employees, including DOE OFFICERS and CARROLL;

(g)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(h)     the negligent communication of information during the incident.

108.    As a direct and proximate result of Defendants' conduct of as alleged above, DECEDENT sustained injuries, died from his injuries and lost his earning capacity.

109.    Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their

natural lives.

110.    Defendant CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and CARROLL. *See* A.R.S. § 12–2506(D).

111.    Plaintiff Patricia Lopez brings this claim as Personal Representative for DECEDENT's ESTATE and seeks survival damages for the violation of DECEDENT's rights.

112.    PATRICIA LOPEZ and CAESAR LOPEZ also bring this claim individually and seek wrongful death damages on this claim for their loss of DECEDENT's love, companionship, comfort, society, guidance, and support. Plaintiffs also seek attorney's fees and costs on this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Patricia Lopez as the Personal Representative of the Estate of Anthony Lopez, along with PATRICIA LOPEZ and CAESAR LOPEZ, individually, request entry of judgment in their favor and against Defendants City of Mesa, Heath CARROLL and Does 1-10, inclusive, as follows:

A.    For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.


DATED:  July 19, 2019                    WARNOCK MACKINLAY LAW


By /s/ Anthony J. Ramirez
   Anthony J. Ramirez
   Attorney for Plaintiffs

-27-

COMPLAINT FOR DAMAGES

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiffs hereby demand a trial by jury.

3

4

DATED:  July 19, 2019                          WARNOCK MACKINLAY LAW

5

6

7

By /s/ Anthony J. Ramirez
8

Anthony J. Ramirez
Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28