**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Lopez, et al., | No. CV-19-04764-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

In a February 3, 2022 amended order, the Court granted in part and denied in part Defendants' motion for summary judgment. (Doc. 83.) As relevant here, the Court denied summary judgment on Plaintiffs' excessive force claim. Defendants had argued that Officer Carroll's use of force was objectively reasonable, and, in any event, no clearly established law at the relevant time put his use of force outside constitutional bounds. The Court found material factual disputes precluded summary judgment. In particular, the Court found that a reasonable jury could find both that Decedent posed no imminent threat to Officers Carroll and Thranum, and that Officer Carroll's stated belief to the contrary was either not credible or objectively unreasonable.

Defendants thereafter noticed an interlocutory appeal of the Court's order denying qualified immunity. (Doc. 87.) "[A] proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial[.]" *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Accordingly,

upon Defendants' noticing of their interlocutory appeal, the Court vacated the trial scheduling conference pending disposition of the interlocutory appeal. (Doc. 88.)

Plaintiffs now ask the Court to certify Defendants' interlocutory appeal as frivolous and set this case for trial. (Doc. 90.) "[A] frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Chuman*, 960 F.2d at 105. Thus, if the Court finds that Defendants' appeal is frivolous, it may so certify and proceed with trial, though Defendants would retain the right to seek a stay directly from the Ninth Circuit. *Id.*

Plaintiffs argue that Defendants' interlocutory appeal is frivolous because the Court denied Defendants qualified immunity at the summary judgment stage only after finding that material factual disputes existed. As a general matter, a defendant may not appeal an order that denies summary judgment on the basis that there are genuine issues of material fact for trial. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018). Appellate jurisdiction exists, however, if summary judgment was denied on a purely legal basis, or if the qualified immunity issue does not "require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff." *Id.* Here, Plaintiffs argue that appellate jurisdiction clearly does not exist because the Court's denial of summary judgment was based on genuine disputes of fact, and Defendants do not assume the facts most favorable to Plaintiffs.

This admittedly is a close call. The Court's summary judgment order found that whether Officer Carroll reasonably believed Decedent posed an imminent threat is subject to reasonable dispute. But the Court's rationale straddles the fine line between a finding that genuine disputes of material fact exist and finding merely that reasonable inferences or conclusions could be drawn in favor of either party on the otherwise undisputed evidence. There's no dispute, for example, that (1) Decedent did not display a firearm, (2) neither officer lay in the path of the car after Decedent reversed, and (3) the bodycam footage shows Officer Thranum never placed her limbs inside the car, Officer Thranum

stayed out of the car's path and retreated behind her patrol vehicle, Officer Thranum never made any noises of pain, and the car was stopped when Officer Carroll fired the shots. In denying summary judgment, however, the Court reasoned that a jury could look at these undisputed facts and reasonably infer that Officer Carroll did not subjectively believe that Officer Thranum was in jeopardy (an issue of credibility) or conclude that Officer Carroll's subjective belief was objectively unreasonable. As such, the Court did not find that the underlying *evidence* was in dispute; merely that reasonable minds could disagree over the inferences and conclusions to draw from that evidence.

And making this motion an even closer call is Defendants' representation in their response that they intend to ask the Ninth Circuit "to review the specific, undisputed facts and those disputed, materials facts construed in a light most favorable to Plaintiffs, and to determine whether established precedent (as of July 21, 2018) informed every reasonable police officer that using deadly force in these specific circumstances was unlawful." (Doc. 93 at 5.) Although Defendants refused to draw those inferences in Plaintiffs' favor in their briefing before this Court, review at the Ninth Circuit is de novo and Defendants could ask the Ninth Circuit to review this Court's conclusion that, if all reasonable inferences are drawn in Plaintiffs' favor, qualified immunity is unavailable.

The Court concludes that there is room for reasonable disagreement about the correctness of its qualified immunity analysis. A weak appeal is not the same as a frivolous appeal. What's more, Plaintiffs' concerns about witness memories fading while this case is on appeal are ameliorated by the fact that this incident was captured on bodycam footage, and both on-scene officers were deposed. For these reasons,

**IT IS ORDERED** that Plaintiffs' motion to certify Defendants' interlocutory appeal as frivolous (Doc. 90) is **DENIED**.

Dated this 6th day of September, 2022.

Douglas L. Rayes
United States District Judge